David Lopez (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Rd., P.O. Box 323
Southampton, NY 11969-0323
Tel:    631.287.5520
Fax:    631.283.4735
email: DavidLopezEsq@aol.com

Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Ave. 2A
New York, NY 10075
Tel:    323-790-4881
email: MiriamTauberLaw@gmail.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS J. DONOGHUE,<br><br>Plaintiff,<br><br>v.<br><br>1-800-FLOWERS.COM, INC.<br><br>Nominal Defendant,<br><br>and<br><br>PLEASANT LAKE PARTNERS LLC, PLP MASTER FUND LP and FUND I INVESTMENTS, LLC,<br><br>Defendants. | Case No.<br>  2:25-cv-6370<br>**COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b)**<br><br>**JURY TRIAL DEMANDED** |

**DENNIS J. DONOGHUE**, by David Lopez, Esq., and Miriam Tauber, Esq., his attorneys, complaining of the Defendants, respectfully alleges the following upon information and belief, except as to Paragraph 2, which Plaintiff alleges on personal knowledge:

1

**JURISDICTION:**

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b), and jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. § 78aa.

**THE PARTIES:**

2. Plaintiff is a security owner of 1-800-FLOWERS.COM, INC. ("1-800-FLOWERS"), a Delaware corporation with principal offices at Two Jericho Plaza, Suite 200, Jericho, New York 11753.

3. At all times relevant the common stock of 1-800-FLOWERS was registered under Section 12(b) of the Act, 15 U.S.C. § 78*l*, and its shares were and are traded on the NASDAQ Stock Market, LLC, a National Securities Exchange located in New York State.

4. This action is brought in the right and for the benefit of 1-800-FLOWERS which is named as a Nominal Defendant solely to have all necessary parties before the Court.

5. At all times relevant PLEASANT LAKE PARTNERS, LLC ("PLEASANT LAKE"), PLP MASTER FUND ("MASTER FUND") and FUND 1 INVESTMENTS, LLC ("FUND I"), each and collectvely ("DEFENDANTS") was and were more than 10% beneficial owners of 1-800-FLOWERS.

6. All securities were held for the benefit of MASTER FUND; for which PLEASANT LAKE served as investment advisor; FUND I served as managing member of PLEASANT LAKE.

7. Each of the individual DEFENDANTS' liability is limited to its pecuniary interest in subject transactions.

8. DEFENDANTS and each of them have an office or may be found at 100 Carr 115, Unit 1900, Rincon, Puerto Rico 00677.

**STATUTORY REQUISITES:**

9. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act and of related rules and regulations.

10. Demand for prosecution was made on 1-800-FLOWERS by e-mail and first class mail on or about October 24, 2025. 1-800-FLOWERS responded through counsel via E-mail on November 4, 2025, indicating it would not act to recover on its own behalf. Further delay in instituting suit would be a futile gesture.

11. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. § 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

12. On October 22, 2024, the DEFENDANTS sold 4,165,000 shares of Class A Common Stock of 1-800-FLOWERS.

13. Between April 21, 2025, and June 24, 2025, periods within less than six months of the sales aforesaid, the DEFENDANTS purchased 1,067,183 shares, more or less, of the common stock of 1-800-FLOWERS at lower prices than realized on the sales.

14. The DEFENDANTS realized short-swing profits in amounts presently unknown to

the Plaintiff but estimated to exceed $600,000. These profits belong to 1-800-FLOWERS and are recoverable by Plaintiff on its behalf and for its benefit 1-800-FLOWERS having declined to do so itself.

**SECOND CLAIM FOR RELIEF:**

15. This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or to the discovery of additional trades during the course of this action.

16. The DEFENDANTS, during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of 1-800-FLOWERS within periods of less than six months of each other while a more than 10% beneficial owner of 1-800-FLOWERS, including but not limited to the transactions pleaded in the First Claim for Relief, which purchases were at prices lower than the sales.

17. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months while insiders of 1-800-FLOWERS, The DEFENDANTS and each of them realized profits limited to their respective pecuniary interests, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit of, and are recoverable by Plaintiff on behalf and for the benefit of, 1-800-FLOWERS.

**WHEREFORE**, Plaintiff demands judgment:

    a.    Requiring The DEFENDANTS and each of them to account for and to pay over to 1-800-FLOWERS all short-swing profits realized and retained by them in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

  b. Awarding to Plaintiff his costs and disbursements including reasonable attorneys', accountants and expert witness fees; and;

  c. Granting to Plaintiff such other or different and further relief as the Court may deem just and proper.

Dated: Southampton, New York
November 16, 2025

            Respectfully submitted,

            /s/ Miriam Tauber
            _____
            David Lopez (DL-6779)
            Miriam Tauber (MT-1979)